UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUIGI GIROTTO,

    Plaintiff,

vs.

PURDY PARTNERS, LLC, a New York limited liability company, d/b/a HARRISON TAVERN,

    Defendant.
_____/

CASE NO: 1:17-cv-2461

**COMPLAINT**

Plaintiff, LUIGI GIROTTO (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues PURDY PARTNERS, LLC, a New York limited liability company, d/b/a HARRISON TAVERN (hereinafter, the "Defendant"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., of the AMERICANS WITH DISABILITIES ACT ("ADA"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §343.

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in New York.

1

3. The remedies provided by the New York State Human Rights Law are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

4. At the time of Plaintiff's visit to HARRISON TAVERN, prior to instituting the instant action, LUIGI GIROTTO, hereinafter referred to as "Plaintiff"), was a resident of the State of New York, suffered from what constitutes a "qualified disability" under the Americans With Disability Act of 1990, and uses a wheelchair for mobility. The Plaintiff personally visited Defendant's Property, but was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendant's Property, which is the subject of this lawsuit.

5. The Defendant, PURDY PARTNERS, LLC, a New York limited liability company, d/b/a HARRISON TAVERN is authorized to conduct, and is conducting business within the State of New York. Upon information and belief, PURDY PARTNERS, LLC, is the lessee and/or operator of the real property (hereinafter and heretofore referred to as "Defendant's Property"), and/or the owner of the improvements where the Subject Facility is located which is the subject of this action, the facility commonly referred to as HARRISON TAVERN (hereinafter the "Subject Facility") located at 7 Purdy Street, Harrison, New York (hereinafter and heretofore referred to as "Defendant's Property"), and maintains and controls the Subject Facility.

6. All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises is located in the State of New York.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

7. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101, et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

8. Congress found, among other things, that:

   (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

   (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

   (iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

   (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

   42 U.S.C. §12101(a)(1)-(3), (5) and (9).

9. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

10. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Subject Facility is a place of public accommodation in that it is an establishment which provides goods and services to the public.

11. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

12. The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations, and/or undergone substantial remodeling, repairs and/or alterations, since January 26, 1990, and/or has sufficient income to make readily achievable accessibility modifications.

13. Defendant has discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendant's Property, in derogation of 42 U.S.C. §12101, et. seq.,

4

and as prohibited by 42 U.S.C. §12182, et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

14.     The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendant's Property.  Prior to the filing of this lawsuit, Plaintiff personally visited Defendant's Property, with the intention of using Defendant's facilities, but was denied access to the Subject Property, and therefore suffered an injury in fact.  In addition, Plaintiff continues to desire to visit the Subject Property in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at Subject Property, all in violation of the ADA, and the New York State Human Rights Law.

15.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $110,000 for the first violation and $150,000 for any subsequent violation.

16.     The Defendant's Subject Facility is in violation of 42 U.S.C. §12181, et. seq., the ADA and 28 C.F.R. §36.302, et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

(i) Failure to provide an accessible main entrance, due to a step at said main entrance, without an ADA compliant ramp and/or wheelchair lift, in violation of 28 C.F.R. Part 36, Section 4.14.

(ii) Failure to provide an accessible left auxiliary entrance/exit, due to a step at said entrance/exit, without an ADA compliant ramp and/or wheelchair lift, in violation of 28 C.F.R. Part 36, Section 4.14 and Section 4.3.10.

(iii) Failure to provide an accessible middle auxiliary entrance/exit, due to a step at said entrance/exit, without an ADA compliant ramp and/or wheelchair lift, in violation of 28 C.F.R. Part 36, Section 4.14 and Section 4.3.10.

(iv) Failure to provide a safe and accessible means of egress from the Subject Facility, in violation of 28 C.F.R. Part 36, Section 4.3.10.

(v) The main bar, with fixed footstand, is higher than 34 inches above the finish floor, in violation of the requirements of 28 C.F.R. Part 36, Section 5.2, which requires a maximum height of the bar, or a 60 inch wide section of it, to be 34 inches maximum height.

(vi) The bar, in rear banquet area, is higher than 34 inches above the finish floor, in violation of the requirements of 28 C.F.R. Part 36, Section 5.2, which requires a maximum height of the bar, or a 60 inch wide section of it, to be 34 inches maximum height.

(vii) The dining tables in main bar area are at inaccessible heights, in violation of 28 C.F.R. Part 36, Section 4.32.

(viii) Failure to provide a paper towel dispenser, in restroom on left side of Subject Facility, at an accessible height, as required by 28 C.F.R. Part 36, Section 4.2.

(ix) Failure to provide accessible flushing mechanism in restroom on left side of Subject Facility, in violation of 28 C.F.R. Part 36, Section 4.16.5.

(x) Failure to insulate exposed pipes under lavatory, in restroom on left side of Subject Facility, to prevent burns, as required by 28 C.F.R. Part 36, Section 4.19.

(xi) Failure to provide an accessible locking mechanism, in restroom on left side of Subject Facility, that can be operable with one hand and shall not require tight grasping, pinching or twisting of the wrist as required by 28 C.F.R. Part 36, Section 4.27.4.

(xii) Failure to provide ADA compliant signage, at restroom on left side of Subject Facility, in violation of 28 C.F.R. Part 36, Section 4.30.

(xiii) Failure to modify restroom, on right side of Subject Facility for accessibility, including, but not limited to, rearranging walls and doors to provide sufficient accessibility, maneuvering space and turn radius in restroom, for individuals with disabilities, as required by 28 C.F.R. Part 36, Section 4.17.

(xiv) Failure to install the required rear grab bar, in restroom on right side of Subject Facility, around an accessible toilet, in accordance with 28 C.F.R. Part 36, Section 4.17.6.

(xv)  Failure to install the required side grab bar, in restroom on right side of Subject Facility, around an accessible toilet, in accordance with 28 C.F.R. Part 36, Section 4.17.6.

(xvi)  Failure to provide an accessible door handle, in restroom on right side of Subject Facility, that can be operable with one hand and shall not require tight grasping, pinching or twisting of the wrist as required by 28 C.F.R. Part 36, Section 4.13.9.

(xvii)  Failure to provide at least 17 inches depth clearance under lavatory, in restroom on right side of Subject Facility, as required by 28 C.F.R. Part 36, Section 4.19.2.

(xviii)  Failure to provide the required underside clearance of at least 29 inches above the finish floor to the bottom of the apron under lavatory, in restroom on right side of Subject Facility, for accessibility, in compliance with 28 C.F.R. Part 36, Section 4.1 and Section 4.19.2.

(xix)  Failure to provide a paper towel dispenser at an accessible height, in restroom on right side of Subject Facility, as required by 28 C.F.R. Part 36, Section 4.2.

(xx)  Failure to insulate exposed pipes under lavatory, in restroom on right side of Subject Facility, to prevent burns, as required by 28 C.F.R. Part 36, Section 4.19.

(xxi)  Failure to provide an accessible locking mechanism, in restroom on right side of Subject Facility, that can be operable with one hand and

shall not require tight grasping, pinching or twisting of the wrist as required by 28 C.F.R. Part 36, Section 4.27.4.

(xxii) Failure to provide ADA compliant signage, at restroom on right side of Subject Facility, in violation of 28 C.F.R. Part 36, Section 4.30.

(xxiii) The cash register in bar area, is at an inaccessible height, in violation of 28 C.F.R. Part 36.

(xxiv) Failure to provide securely attached mat at entrance, in violation of 28 C.F.R. Part 36, Section 4.5.3.

(xxv) Failure to provide an accessible ADA compliant exterior pathway from rear emergency exit, in violation of 28 C.F.R. Part 36, Section 4.3.10.

(xxvi) Failure to provide ADA compliant signage at rear emergency exit, in violation of 28 C.F.R. Part 36, Section 4.30.

(xxvii) Failure to provide adequate directional and accurate informational signage throughout the Subject Facility, as required by 28 C.F.R. Part 36, Section 4.1.3(16).

(xxviii) Failure to provide signage, in the Subject Facility, addressing people with disabilities telling them that accessible services are provided, as required by 28 C.F.R. Part 36, Section 4.30.4.

17. Upon information and belief, there are other current violations of the ADA at Defendant's Property, and only once a full inspection is done can all said violations be identified.

18. To date the architectural barriers, the removal of which is readily achievable, and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

19. Pursuant to the ADA, 42 U.S.C. §12101, et seq., and 28 C.F.R. §36.304, the Defendant was required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992.  To date, the Defendant has failed to comply with this mandate.

20. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facility to make them independently accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the Subject Facility until the requisite modifications are completed.

**COUNT II - VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**

21. The New York State Human Rights Law provides:

> (a)  It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability …

NYS Exec. Law § 296 (2)(a).

22. Defendant's Property is a place of public accommodation as defined in the New York State Human Rights Law.

10

23. The Defendant has further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

24. Defendant, PURDY PARTNERS, LLC, a New York limited liability company, d/b/a HARRISON TAVERN, is in violation of the New York State Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

25. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 20 as if set forth in their entirety here.

## ATTORNEYS' FEES AND COSTS

26. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by the Defendant, pursuant to the ADA.

27. Plaintiff prays for judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

## DAMAGES

28. The Plaintiff demands seven hundred fifty dollars ($750.00) in compensatory damages based on Defendant's violation of the New York State Human Rights Law.

## INJUNCTIVE RELIEF

29. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent

required by the ADA, and the New York State Human Rights Law and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendant and requests the following injunctive and declaratory relief:

A. The Court declare that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendant is violative of the ADA, and of the New York State Human Rights Law;

B. The Court enter an Order requiring the Defendant to alter its facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA, and by the NYSHRL;

C. The Court enter an Order directing the Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the Subject Facility;

D. The Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

E. The Court award such other and further relief as it deems necessary, just and proper.

Dated: This 5th day of March, 2017.

                    Respectfully submitted,

                By: /S/ B. Bradley Weitz
                    B. Bradley Weitz, Esq. (BW 9365)
                    bbw@weitzfirm.com

                    /S/ Robert J. Mirel
                    Robert J. Mirel, Esq. (RM 2974)
                    rjm@weitzfirm.com

                    THE WEITZ LAW FIRM, P.A.
                    Attorneys for Plaintiff
                    Bank of America Building
                    18305 Biscayne Blvd., Suite 214
                    Aventura, Florida 33160
                    Telephone: (305) 949-7777
                    Facsimile:  (305) 704-3877